IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01586-CMA-STV

ARICK JUSTIN RINALDO,

    Plaintiff,

v.

UNKNOWN EL PASO COUNTY SHERIFF'S DEPUTIES,
UNKNOWN PERSONNEL OF THE EL PASO COUNTY BOMB SQUAD,
UNKNOWN PERSONNEL OF THE COLORADO STATE PATROL HAZMAT TEAM,
UNKOWN PERSONNEL OF THE EL PASO COUNTY HAZMAT TEAM,
SCHMIDT, TROOPER, and
UNKOWN DEPUTIES OF MANITOU SPRINGS POLICE DEPARTMENT,

    Defendants.
_____

## ORDER TO SHOW CAUSE
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on the Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), filed by Defendants Unknown El Paso County Sheriff's Deputies, Unknown Personnel of the El Paso County Bomb Squad, and Unknown Personnel of the El Paso County Hazmat Team (collectively, the "El Paso Defendants") [#32] (the "Motion"). The Motion has been referred to this Court. [#33] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the Motion's disposition. For the following reasons, the Court **ORDERS** Plaintiff to **SHOW CAUSE**, if any there be, in writing on or before **November 19, 2018**, why this case should not be dismissed for the reasons set forth in this Order.

**I.   BACKGROUND**[1]

On or about June 30, 2016, an RV owned by Plaintiff Arick Justin Rinaldo was lawfully parked at a scenic overlook in or near the City of Manitou. [#20 at 4] On that day, upon exiting and locking the RV, Plaintiff was confronted by the defendant unknown El Paso County deputies and bomb squad personnel, who took possession of the keys to the RV. [*Id.*] Even though they were in possession of the keys, the unknown El Paso County deputies and bomb squad personnel used a bomb squad robot or other device to forcibly smash and break into Plaintiff's RV without a warrant. [*Id.* at 4, 5] As a result, the door and frame of the RV were smashed and the body of the RV buckled. [*Id.* at 4] The unknown El Paso County deputies and bomb squad personnel, along with the defendant unknown personnel of the Colorado State Patrol Hazmat Team and unknown personnel of the El Paso County Hazmat Team, then conducted a warrantless search of the contents of the RV, tossing all the items in the RV and destroying some of the property contained therein. [*Id.*]

Plaintiff alleges that Defendant Trooper Schmidt and the defendant unknown Manitou Springs officers or deputies seized him by force and illegally detained him for approximately six to seven hours first in Trooper Schmidt's vehicle and then in the Manitou police station. [*Id.* at 4, 7] Plaintiff contends that unspecified defendants made defamatory and libelous statements to the press that the RV was a "Rolling Meth Lab," that Plaintiff had barricaded himself in the RV, and that Plaintiff's girlfriend had fled on

---

[1] The Court cites to the allegations in the Third Amended Complaint [#20] solely to provide context for the instant Motion.

foot. [*Id.*] Nothing was found in the RV to support the claim that the RV was used to manufacture methamphetamines. [*Id.* at 7]

On June 28, 2017, Plaintiff filed this lawsuit. [#1] On August 2, 2017, Plaintiff filed an amended complaint. [#10] On August 4, 2017, the Court ordered Plaintiff to file an amended complaint utilizing the court-approved prisoner complaint form. [#11] On September 1, 2017, Plaintiff filed the Amended Complaint. [#12] On October 5, 2017, the Court issued an order pointing out deficiencies in the Amended Complaint and ordering Plaintiff to file a second amended complaint. [#13] On November 2, 2017, Plaintiff filed his Second Amended Complaint. [#14] On December 12, 2017, the Court issued an order pointing out deficiencies in the Second Amended Complaint and ordering Plaintiff to file a third amended complaint. [#16]

On February 8, 2018, Plaintiff filed his Third Amended Complaint. [#20] On February 26, 2018, the Court issued an order pointing out deficiencies in the Third Amended Complaint and ordering Plaintiff to file a fourth amended complaint within 30 days of the order. [#21] Because Plaintiff failed to file a fourth amended complaint, the Court conducted its review pursuant to 28 U.S.C. § 1915A on the allegations contained in the Third Amended Complaint.[2] [#22 at 3] The Court interpreted the Third Amended Complaint as asserting the following causes of action: (1) illegal search and seizure

---

[2] Pursuant to 28 U.S.C. § 1915A, the Court shall review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Although Plaintiff was no longer in jail at the time he filed the Third Amended Complaint [#19], the Court was required to review the Third Amended Complaint pursuant to 28 U.S.C. § 1915A, "because [Plaintiff] was a prisoner at the time he filed this action and he is seeking redress from officers or employees of a governmental entity" [#22 at 3].

without due process in violation of the Fourth Amendment; (2) damages or deprivation of property in Plaintiff's RV; (3) damage to Plaintiff's RV; (4) breach of duty; (5) defamation of character/libel; (6) false imprisonment; and (7) due process. [*Id.* at 4] The Court dismissed the second and third claims—alleging damages to Plaintiff's RV and the property therein—as legally frivolous. [*Id.* at 5-6] The Court did not address the merits of Plaintiff's first, fourth, fifth, sixth, and seventh claims but instead had them drawn to a presiding judge. [*Id.* at 5]

On May 9, 2018, the Clerk of Court arranged for service of the Third Amended Complaint on Defendants. [#24] On that same date, Peter Lichtman of the Office of the El Paso County Attorney (the "El Paso Attorney's Office") purported to waive service of process on behalf of the Unknown El Paso County Sheriff's Deputies and the Unknown Personnel of the El Paso County Bomb Squad. [#25] Neither the specific sheriff's deputies nor the specific bomb squad personnel are identified in the waiver. [*Id.*] On May 18, 2018, Mr. Lichtman and his colleague at the El Paso Attorney's Office, Kenneth Hodges, purported to enter their appearances on behalf of "Defendants Unknown El Paso County Sheriff's Deputies, Unknown Personnel of the El Paso County Hazmat Team and Unknown Personnel of the El Paso County Bomb Squad." [#28, 29] The Notices of Appearance failed to identify any specific sheriff's deputies, bomb squad personnel, or hazmat team personnel. [*Id.*]

On June 7, 2018, the U.S. Marshals Service filed Unexecuted Process Receipts and Returns for Defendant Trooper Schmidt and Defendants Unknown Deputies of the Manitou Springs Police Department (the "Unknown Manitou Springs Defendants"). [#30, 31] The Return for Trooper Schmidt indicated that he could not be served at the provided

4

address, because Trooper Schmidt "is retired from Colorado State Patrol" and his "current whereabouts are unknown." [#30 at 1] The Return for the Unknown Manitou Springs Defendants indicated that they could not be served by the Marshal because the Unknown Manitou Springs Defendants are "not known to the Manitou Springs Police Department." [#31 at 1] On August 21, 2018, the Marshal filed Returns with regard to Defendants Unknown Personnel of the Colorado State Patrol Hazardous Materials Team and Defendants Unknown Personnel of the Colorado State Patrol (collectively, the "Unknown Colorado Patrol Defendants"), indicating that they could not be served because the Colorado State Patrol was "unable to determine who to serve." [#35, 36]

On July 9, 2018, the El Paso Attorney's Office filed the instant Motion, on behalf of the El Paso Defendants without specifying the names of any of the specific sheriff's deputies, bomb squad personnel, or hazmat team personnel. [#32] On September 11, 2018, Plaintiff filed his response to the Motion.[3] [#38] The El Paso Attorney's Office then filed a reply in support of the Motion on behalf of the El Paso Defendants, again without specifying the names of any of the specific sheriff's deputies, bomb squad personnel, or hazmat team personnel. [#42]

## II. ANALYISIS

### A. The El Paso Defendants' Motion

As noted above, the El Paso Attorney's Office purported to accept service, enter notices of appearance, and file the instant Motion on behalf of the El Paso Defendants without ever specifying the identifies of the defendants, who were identified in the Third

---

[3] To the extent Plaintiff's response intended to request an evidentiary hearing, that request was denied in an Order of the Court dated September 12, 2018. [#40]

5

Amended Complaint (and the documents filed by the El Paso Attorney's Office) only as Unknown El Paso County Sheriff's Deputies, Unknown Personnel of the El Paso County Bomb Squad and Unknown Personnel of the El Paso County Hazmat Team. Neither the El Paso Attorney's Office nor Plaintiff has provided any "procedural basis on which an unidentified party can appear in a lawsuit and assert a defense without revealing his or her identity."[4] *Pitre v. City of Eunice*, No. 6:14-CV-02843, 2015 WL 3648763, at *1 (W.D. La. June 10, 2015) (recommending that motion brought on behalf of unidentified city police officers be denied, in part, because it "is fatally flawed"); *see also Perez v. City of Hastings*, No. 4:16CV3158, 2017 WL 1066574, at *4 (D. Neb. Mar. 21, 2017) (questioning "whether the named City and County defendants and their counsel have authority to respond for the as yet unidentified Doe defendants in their individual capacities and seek dismissal on their behalf"). Except in limited circumstances not applicable here,[5] the

---

[4] The court is aware of a line of cases in the United States District Court for the District of Columbia that have permitted government attorneys to move to dismiss claims on behalf of unidentified governmental employees. *See, e.g., Chung v. U.S. Dep't of Justice*, No. CIV. 00-1912(TFH), 2001 WL 34360430, at *8 n.11 (D.D.C. Sept. 20, 2001) (allowing arguments on behalf of unrepresented Doe defendants, because they would be entitled to representation once identified and valid arguments were raised by other government defendants such that court "will not, merely as a futile exercise, refuse to entertain the arguments at this stage just so discovery may progress and the officials *may* be identified only to arrive at the same conclusion at a later date"), *aff'd in part, rev'd in part on other grounds and remanded*, 333 F.3d 273 (D.C. Cir. 2003); *Bloem v. Unknown Dep't of the Interior Emps.*, 920 F. Supp. 2d 154, 157 n.1 (D.D.C. 2013) (citing *Chung* to find that government may move to dismiss on behalf of unidentified individual Park Service employees); *Bunch v. D.C.*, 151 F. Supp. 3d 148, 149 n.1 (D.D.C. 2015) (citing *Bloem* to find that "the District is entitled to move to dismiss on behalf of the Doe defendants"). But, each of these decisions are premised on *Chung*, which did not cite any authority for its decision to consider arguments made on behalf of unidentified defendants.

[5] For example, pursuant to Federal Rule of Civil Procedure 5.2(a), a filing with the Court that contains the name of an individual known to be a minor may include only the minor's initials. Courts also "have permitted a [party] to proceed using a fictitious name where there are significant privacy interests or threats of physical harm implicated by the

Federal Rules of Civil Procedure do not allow parties to proceed anonymously or under fictitious names. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). As the Tenth Circuit has explained:

> "Proceeding under a pseudonym in federal courts is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir.2000) (quoting *MM v. Zavaras*, 139 F.3d 798, 800 (10th Cir.1998)). Rule 10(a) of the Federal Rules of Civil Procedure requires that every pleading contain a caption setting forth, *inter alia*, "the title of the action," and this title must include "the names of all the parties." Similarly, Rule 17(a) mandates that "every action shall be prosecuted in the name of the real party in interest." *See also Femedeer*, 227 F.3d at 1246. The Rules provide no exception that allows parties to proceed anonymously or under fictitious names such as initials. *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989) (per curiam).

*Yocom*, 257 F.3d at 1172.[6]

Here, no party has applied for leave of the Court to allow the El Paso Defendants to proceed anonymously, nor does there appear to be any grounds for them to do so.[7]

---

disclosure of the [party's] name." *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[6] Although the language of Rule 10(a) and Rule 17(a) have been modified since the Tenth Circuit decided *Yocom*, Rule 10(a) still requires that "[t]he title of the complaint must name all the parties," and Rule 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest."

[7] The Court recognizes that, although the use of fictitious names to identify defendants is not favored, courts have permitted the practice where the identity of the alleged defendants is not known prior to the filing of the complaint and discovery may be used to reveal their identities. *See Liberty Media Holdings, LLC v. Colo. Members of Swarm*, No. 11-CV-01170-WJM-KMT, 2011 WL 1812554, at *1 (D. Colo. May 12, 2011) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). A plaintiff utilizing this procedure, however, must "diligently work to obtain the identities of such individuals." *BPS v. Bd. of Trustees for Colo. Sch. for the Deaf & Blind*, No. 12-CV-02664-RM-KLM, 2014 WL 6990312, at *13 (D. Colo. Apr. 28, 2014), *report and recommendation adopted*, 2014 WL 6990331 (D. Colo. Dec. 10, 2014); *see also* 2 James Wm. Moore et al., Moore's Federal Practice - Civil § 10.02[2][d][i] (3d ed. 2010) ("The court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful ignorance or lack of reasonable inquiry. If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed."). Approximately 20 months have transpired since Plaintiff first filed this

The Tenth Circuit has cautioned that "[w]here no permission is granted, 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Id.* (quoting *Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1245).

Accordingly, unless or until the El Paso Defendants are identified by name, it appears that this Court lacks jurisdiction to decide the Motion. **IT IS ORDERED** that, on or before **November 19, 2018,** Plaintiff shall either (1) file a motion for leave to amend the Third Amended Complaint to identify by name the El Paso Defendants; or (2) show cause, if any there be, in writing why his claims against the El Paso Defendants should not be dismissed for failure to timely identify and effect service of process as required by the Federal Rules of Civil Procedure and/or as barred by the applicable statute of limitations.[8]

**Plaintiff is specifically advised that failure to timely comply with this Order will result in a recommendation of dismissal of his claims against the El Paso Defendants**.

### B. Trooper Schmidt

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As noted above, the Marshals Service filed an unexecuted return of service for Trooper Schmidt on June 7, 2018, notifying Plaintiff and the Court that Trooper Schmidt could not

---

lawsuit, and there is no indication in the record that Plaintiff has undertaken any efforts to try to identify the names of the El Paso Defendants.
[8] *See infra* note 10.

8

be served at the provided address, because Trooper Schmidt "is retired from Colorado State Patrol" and his "current whereabouts are unknown." [#30] "A *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the Clerk of the Court and/or U.S. Marshal for service of the summons and complaint, but only insofar as the court is provided proper contact information for the defendant to be served." *Locke v. FedEx Freight, Inc.*, No. 12-CV-00708-REB-MEH, 2012 WL 7783085, at *12 (D. Colo. Aug. 31, 2012), *report and recommendation adopted*, 2013 WL 1163974 (D. Colo. Mar. 21, 2013). The United States Marshal "is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016). Instead, "[i]t is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007).

Over eight months have transpired since the operative complaint was filed [#20], and over 140 days have transpired since the Marshals Service provided notice that Trooper Schmidt could not be served at the address provided in the operative complaint [#30]. At the August 7, 2018 Status Conference, this Court notified Plaintiff that Trooper Schmidt had not been served and that it was Plaintiff's responsibility to provide a valid address for service. [#34] As of the filing of this Order, Plaintiff has not provided an updated address for service on Trooper Schmidt; nor is there any indication in the record that he has taken any action to try to locate one.

Pursuant to Local Rule 41.1:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge

> or a magistrate judge exercising consent jurisdiction may
> enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Accordingly, because over 90 days have passed since Plaintiff filed the operative complaint in this matter and since the Marshalls Service notified Plaintiff that Trooper Schmidt could not be served at the address provided, **IT IS ORDERED** that Plaintiff shall show cause, if any there be, in writing on or before **November 19, 2018**, why Plaintiff's claims against Trooper Schmidt should not be dismissed for failure to timely effect service of process as required by the Federal Rules of Civil Procedure.

**Plaintiff is specifically advised that failure to timely comply with this Order will result in a Recommendation that Plaintiff's claims against Trooper Schmidt be dismissed**.

### C. Manitou Springs Defendants and Colorado Patrol Defendants

As noted above, on June 7, 2018, the U.S. Marshals Service filed an unexecuted return of service for Unknown Manitou Springs Defendants, notifying Plaintiff and the Court that the Unknown Manitou Springs Defendants could not be served by the Marshal because they are "not known to the Manitou Springs Police Department." [#31 at 1, 2] Similarly, on August 21, 2018, the Marshals Service filed unexecuted returns for the Unknown Colorado Patrol Defendants, notifying Plaintiff and the Court that the Unknown Colorado Patrol Defendants could not be served by the Marshal because the Colorado State Patrol was "unable to determine who to serve." [#35, 36] Although, as acknowledged above, courts have permitted plaintiffs to identify defendants in the complaint by pseudonym where the identity of the alleged defendants is not known prior

to the filing of the complaint, in such circumstances, the plaintiffs must diligently work to obtain the identities of such individuals and have them served. *See supra* note 7.

Here, approximately 20 months have transpired since Plaintiff first filed this lawsuit, and there is no indication in the record that Plaintiff has undertaken any efforts to try to identify the names of the Unknown Manitou Springs Defendants or the Unknown Colorado Patrol Defendants. Furthermore, over eight months have transpired since the operative complaint was filed [#20], and over 60 days have transpired since the Marshals Service provided notice that the Unknown Manitou Springs Defendants and the Unknown Colorado Patrol Defendants could not be served at the addresses provided in the operative complaint [#31, 35, 36] At the August 7, 2018 Status Conference, this Court notified Plaintiff that he was responsible for identifying and providing a valid address for service upon the Unknown Manitou Springs Defendants or the Unknown Colorado Patrol Defendants. [#34] As of the filing of this Order, Plaintiff has not provided the identifies of these defendants or a revised address for them; nor is there any indication in the record that he has taken any action to try to locate this information. Dismissal thus appears appropriate under Rule 4(m) and D.C.COLO.LCivR 41.1.

The Court further observes that, even if Plaintiff were now able to specifically identify the Unknown Manitou Springs Defendants or the Unknown Colorado Patrol Defendants, Plaintiff's claims against them appear to be time-barred.[9] In his response to the Motion, Plaintiff clarified that all of his remaining claims in this lawsuit "are federal civil

---

[9] "A complaint may be dismissed *sua sponte* under [28 U.S.C.] § 1915 based on an affirmative defense—such as statute of limitations—'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir.1995)).

rights claims." [#38 at 3] "Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting under color of state law." *Pierce v. Gilchrist*, 359 F.3d 1279, 1285 (10th Cir. 2004) (quoting 42 U.S.C. § 1983). "[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.2006). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur[red]." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) (quotation omitted).

Here, the police actions in question all took place on June 30, 2016. [#20 at 14] Absent the application of a tolling doctrine, the statute of limitations for any Section 1983 claims thus expired on June 30, 2018. Although Plaintiff named the Unknown Manitou Springs Defendants and the Unknown Colorado Patrol Defendants in a complaint filed prior to the expiration of the statute of limitations [#20], amendments to specifically identify defendants whose identity was unknown at the time of the filing of the complaint generally do not relate back to the time of filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C). *See Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004); *Trujillo v. City & Cty. of Denver*, No. 14-CV-02798-RBJ-MEH, 2016 WL 5791208, at *9 (D. Colo. Sept. 7, 2016).

Accordingly, **IT IS ORDERED** that Plaintiff shall show cause, if any there be, in writing on or before **November 19, 2018**, why his claims against the Unknown Manitou Springs Defendants and the Unknown Colorado Patrol Defendants should not be dismissed for failure to timely identify and effect service of process as required by the

Federal Rules of Civil Procedure and/or as barred by the applicable statute of limitations.[10]

**Plaintiff is specifically advised that failure to timely comply with this Order will result in a Recommendation that Plaintiff's claims against the Unknown Manitou Springs Defendants and the Unknown Colorado Patrol Defendants be dismissed.**

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff shall **SHOW CAUSE**, if any there be, in writing, on or before **November 19, 2018**, why this case should not be dismissed.

DATED:  October 30, 2018                                         BY THE COURT:

                                                                 s/Scott T. Varholak
                                                                 United States Magistrate Judge

---

[10] To the extent the El Paso Defendants have not been specifically identified and informed of this lawsuit, the same arguments regarding service and the statute of limitations would appear to apply to them.  The Court recognizes, however, that there may be unique arguments for why the El Paso Defendants should not be dismissed for a lack of service and/or for why any amended complaint specifically identifying the El Paso Defendants should relate back to a prior version of the complaint given that the El Paso Attorney's Office purported to accept service and respond on behalf of the El Paso Defendants.